**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **2:17-CR-00329-3** |
| **VERSUS** | : | **JUDGE ZAINEY** |
| **ERIC BELONEY** | : | **MAG. JUDGE KAY** |

## RULING AND REASONS

Before the Court is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person in Federal Custody" (Doc. #236") wherein defendant, Eric Beloney, complains of ineffective counsel for his failure to investigate and object to a 2 level enhancement for possession of a firearm. Beloney argues that at his sentencing, defense counsel's failure to object deprived him of 37 months as well as the benefit of the RDAP program. For the reasons that follow, the § 2255 motion will be denied and dismissed.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of his sentence has two components: (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense.[1] This requires a showing that counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The court need not address the two *Strickland* prongs in any particular order, and the defendant's failure to satisfy one means the court need not consider the other.[2]

In establishing deficient performance, the defendant must demonstrate that counsel's "acts or omissions were outside the wide range of professionally competent assistance."[3] "Given the almost infinite variety of possible trial techniques and tactics available to counsel, [the reviewing court] is careful not to

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).
[2] *Id.* at 687.
[3] *Id.* at 690.

second guess legitimate strategic choices."[4] In short, *"Strickland* does not guarantee perfect representation, only a reasonably competent attorney."[5]

With regard to the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6] With specific regard to sentencing, the defendant must demonstrate a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison.[7]

Beloney was arrested after a traffic stop of a vehicle he operated which resulted in a probable cause search of his vehicle. As a result of the search, the Combined Anti-Drug Task Force (the "Task Force") found and seized a small amount of marijuana and 16 grams of crack cocaine, along with nine (9) pounds of cocaine and U.S. currency totaling $9,683.00. The Task Force then obtained a search warrant for defendant's residence which resulted in the seizure of a High-Point handgun, ammunition and several illegal narcotics.[8] Beloney plead guilty to Count 2 of the Indictment—possession "with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine."[9]

Beloney complains that there was no evidence or documents stating that the residence was his or that he possessed a firearm or had knowledge of the firearm. Beloney argues that the Government failed to present any evidence to satisfy the preponderance of evidence standard that Beloney had any knowledge of the firearm that was confiscated.

Beloney notes that at the time of his arrest, he did not have a gun; the gun was later found at a residence the Government "claims was his."[10] Thus, he maintains that the Government did not prove at sentencing that he was entitled to a 2-level gun enhancement.[11] Beloney suggests that had his counsel objected to the gun enhancement, the Court would have more likely sentenced him at an offense level 29

---

[4] *Yoehy v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).
[5] *Harrington v. Richter*, 562 U.S. 86, 110 (2011).
[6] *Strickland*, 466 U.S. at 694.
[7] *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).
[8] Doc. #172, ¶¶ 15-16.
[9] 21 U.S.C. §§ 841(a)(1), (b)(1)(B).
[10] Doc. #236-1, p. 3.
[11] *Id.*

2

with a Category VI which is 151 months as opposed to 188 months, noting the difference of 37 months.

Beloney also reminds the Court that it had recommended to the Bureau of Prisons that he be allowed to participate in the RDAP 500-hour drug program which requires a "no finding of violence."[12] Thus, Beloney argues that defense counsel's failure to object to the gun enhancement prejudiced him because had he been able to complete the RDAP program, he would be entitled to a further 12-month reduction in his sentence.

As part of his Plea Agreement, Beloney stipulated to the factual basis as follows:

> Subsequent to the traffic stop, law enforcement conducted a search warrant at BELONEY'S residence. During the execution of the search warrant, law enforcement recovered additional controlled substances, approximately $3,432.00 in U.S. currency, and a Hi-Point .40 caliber handgun, serial number X773517 that had been reported stolen through the Lake Charles Police Department.[13]

Beloney made no objection to the Stipulated Factual Basis during his guilty plea and confirmed to this Court that these facts were entirely accurate. At sentencing, Beloney admitted to the facts contained in the Pre-Sentencing Report.[14] Furthermore, at his sentencing Beloney was given the opportunity to speak but again he failed to challenge or object to the Pre-Sentencing Report and/or the factual basis.

The Government maintains that this Court's imposed sentence of 188 months' imprisonment remains sound and Beloney is not entitled to relief under 28 U.S.C. § 2255. The Government argues that because Beloney's advisory range was ultimately determined under the 4B1.1(b) "career offender" provisions, the firearm enhancement is irrelevant. Thus, Beloney cannot satisfy either prong of the *Strickland* standard.

The Court finds no merit to Beloney's argument. According to the guidelines, Beloney's offense level with the "career offender" status is a 34 regardless of whether or not a 2-level gun enhancement is applied. Beloney's offense level of 34 was reduced by 3 levels because he timely accepted responsibility

---

[12] *Id.* p. 4.
[13] Doc. #140-2, 9.3.
[14] Doc. #241, p.3, lns 5-7.

3

resulting in an offense level of 31. Beloney had 21 criminal history points which caused him to have a Criminal History Category of VI. The advisory range for an offense level of 31 with a Criminal History Category of VI provides an advisory range of 188-235 months term of imprisonment. The Court did not rely upon the two-level "firearm enhancement" to compute Beloney's offense level and resulting advisory range. Thus, there was no reason for defense counsel to object. U.S.S.G. § 4B1.1(b) provides, in pertinent part, as follows:

> Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.

Because the firearm enhancement played no role in the calculation of the offense level under § 4B1.1(b), there is no error in Beloney's sentence as this Court correctly calculated the sentencing guideline range and complied with the mandates of U.S.S.G § 4B1.1(b). Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate under 28 U.S.C. § 2255 is hereby **DENIED** and **DISMISSED** with prejudice.

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this _22nd_ day of July, 2019.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE