UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:17-CR-00329-03** |
| **VERSUS** | **JUDGE ZAINEY** |
| **ERIC BELONEY (03)** | **MAGISTRATE JUDGE KAY** |

## RULING AND REASONS

Before the Court is an "Ex-Parte Motion" (Doc. 260) filed by Defendant Eric Beloney that the Court construes as a Motion for Compassionate Release pursuant to the First Step Act under 18 U.S.C. § 3582(c)(1)(A). In his motion, Beloney requests that he be released early due to the COVID-19 pandemic at the Oakdale Federal Correctional Institution and his current health conditions. Beloney complains that he has high blood pressure, obesity, and lung infections.[1]

The United States concedes that Beloney has at least one health condition recognized by the Centers for Disease Control (CDC) as a COVID-19 risk factor, but argues that Beloney's motion should be denied because he has not demonstrated that he is not a danger to the safety of any other person or to the community, and/or that his release is consistent with the 18 U.S.C, § 3553(a) factors.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825

---

[1] Beloney notes that he tested positive for Tuberculosis.

(2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided

in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

---

[2] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[3] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

On December 14, 2017, Beloney was charged by a Grand Jury Indictment with one count of conspiracy to distribute, and to possess with intent to distribute, "five kilograms or more of a mixture or substance containing a detectable amount of cocaine" in violation of 21 U.S. C. §§ 841 (a)(1), (b)(1)(A) and 846 (Count 1); and one count of possession "with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2).[4] Beloney plead guilty to Count 2 of the Indictment.[5]

---

[3] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .
[4] Doc. 1.
[5] Doc. 140.

Beloney's sentence included a two-level increase because he possessed a firearm (an investigation confirmed it was stolen) in connection with his conduct.[6] Beloney received a "Chapter Four enhancement," pursuant to U.S.S.G. § 4B1.1(b)(2) because he was classified as a "career offender."[7]

Due to his numerous prior convictions, Beloney had a criminal history score of 21, which also established a criminal history category of VI.[8] Beloney's criminal history included five (5) felony convictions in state court for controlled substance offenses, all of which involved the distribution of cocaine.[9] Beloney's offense level of 31 and Criminal History Category of VI correlated to an advisory range of 188-235 months.[10] Beloney was sentenced to a 188-month term of imprisonment followed by five (5) years of supervised release.[11] Beloney has served 49 months (26.4%) of his 188-month sentence as of September 14, 2020.

As noted by the Government, Beloney complains of certain health conditions, but fails to provide any medical records to substantiate his claim. See *United States v. Clark*, 2020 WL 1557397, *4 (M.D. La. 2020) (recognizing that "[g]enerally, the defendant has the burden to show circumstances meeting the test for compassionate release"); see also, *United States v. Aguila*, 2020 WL 1812159, at *2 (E.D. Ca. 2020) ("Although Defendant

---

[6] PSR ¶ 26.
[7] Id. ¶¶ 31-42.
[8] Id. ¶¶ 67 and 70.
[9] Id. 68.
[10] Id. ¶ 110.
[11] Doc. 170, Judgment dated November 16, 2018.

claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims.")

The Government has submitted Beloney's medical records which reveal that he is obese, however, his hypertension is stable and well-controlled with medication.[12] The Government further informs the Court that even though Beloney has been diagnosed with "LTBI" (a latent form of the tuberculosis infection, without evidence of clinically manifested active tuberculosis), he has denied symptoms associated with the disease and declined prophylactic treatment.[13] An x-ray of Beloney's chest reveals "normal" findings and "[n]o radiographic evidence of active tuberculosis."[14]

The Court agrees with the Government that Beloney's medical ailments are of a type that can be controlled and do not present any impediment to his ability to provide self-care in the institution. See *United States v. Maher,* 2020 WL 390884, at *2 (January 22, 2020) (denying compassionate release to a defendant whose medical records showed "a history of Crohn's disease, prostate cancer, and hepatitis C, as well as significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis" on the ground that the records did not show his inability to care for himself).

Furthermore, the Court must also consider all pertinent circumstances, including the § 3553(a) factors, and the possible danger to the community. See 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors "as applicable") and U.S.S.G. § 1B1.13(2) (requiring consideration of whether the defendant is "a danger to the safety of any other

---

[12] Government exhibit 1, dated May 21, 2020.
[13] Government exhibit 2, dated January 27, 2020.
[14] Government exhibit 3, dated January 24, 2020.

person or to the community as provided in 19 U.S.C. § 3142(g). Beloney has not demonstrated that he will not pose a danger to the community if released, or that his releasee comports with the applicable § 3553(a) factors.

Beloney was convicted of possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine."[15]  In connection with his offense conduct, Beloney also conspired with others to distribute cocaine and acquired approximately 9 pounds of cocaine during the course of the conspiracy.[16] During the execution of a search warrant at Beloney's residence, investigators recovered and seized additional controlled substances, approximately $3,432.00 in cash, and a handgun that had been reported as stolen.[17]

The Court finds that based on his criminal history, Beloney will pose a danger to the community if he is released, and he has failed to meet his burden to show circumstances that would warrant a compassionate release. Accordingly,

**IT IS ORDERED** that Beloney's Motion for Compassionate Release is hereby **DENIED.**

**THUS DONE AND SIGNED** in New Orleans, Louisiana on this 25th day of September, 2020.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 179, p. 1.
[16] Doc. 140-2, p. 1.
[17] Id. pp. 2-3.